U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 15 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DERRICK CAPAL ROGERS, §<br>PETITIONER, §<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, INSTITUTIONAL DIVISION, §<br>RESPONDENT. § | CIVIL ACTION NO. 4:07-CV-0177-Y |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of this court. Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Darrick Capal Rogers, TDCJ-ID #01234023, is confined by the Texas Department of Criminal Justice, Institutional Division, in the Ramsey I Unit, Rosharon, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C. CASE HISTORY

The facts underlying the offense were summarized by the state appellate court as follows:

> On August 29, 2003, [Rogers] assaulted his girlfriend Brandy Bell in the parking lot of the apartment complex where they lived. During the altercation, Bell went to a neighbor's apartment for help. The neighbors, Palia and Bobby Harrison, heard [Rogers] fighting with Bell and saw [Rogers] choke her and swing a metal bar at her. They also saw that Bell had a gaping wound on the back of her leg.
>
> An unidentified man called 911 and told the operator that "[t]his guy is beating up this woman out here." The caller then passed the phone to Palia, who asked for an ambulance, reported Bell's injury to a MedStar employee, and received instructions on how to care for Bell's wound. When the police arrived, they found [Rogers] hiding in some tall grass in the woods close to the apartment complex, lying on top of a metal bar.

*Rogers*, No. 2-04-212-CR, slip op. at 1-2. Rogers was indicted and tried in Cause Number 0928995R in the 297th District Court, Tarrant County, Texas, for aggravated assault with a deadly weapon. (Clerk's R. 2). The first paragraph of the indictment alleged that Rogers caused bodily injury to Bell by striking her with a metal bar, and the second paragraph alleged that Rogers caused bodily injury to Bell by choking her with a metal bar. (Clerk's R. 2). On April 28, 2004, a jury found Rogers guilty of aggravated assault with a deadly weapon and assessed a sentence of forty-five years' confinement. (Clerk R. 166). The judgment was affirmed on direct appeal, and the Court of Criminal Appeals dismissed Roger's pro se petition for discretionary review as untimely. *Rogers v. State*, 02-04-212-CR (Tex. App.—Fort Worth July 7, 2005, pet. dism'd).

Rogers has filed one state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order based on the findings of the trial court without a hearing. *Ex parte Rogers*, No. WR-65,850-01 (Tex. Crim. App. Nov. 29, 2006). Rogers filed his federal petition for writ of habeas corpus on March 13, 2007.

D. ISSUES

Rogers complains that the was denied the effective assistance of counsel both at trial and on appeal.

E.  RULE 5 STATEMENT

Respondent agrees that the petition is timely filed and Petitioner has sufficiently exhausted available state remedies on the issues presented.

F.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. *Montoya*, 226 F.3d at 404. In addition, state court determinations of underlying factual issues are presumed correct, and the

3

petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G. DISCUSSION

1. Ineffective Assistance of Trial Counsel

Rogers asserts that he was denied the effective assistance of counsel because his trial counsel did not conduct an adequate investigation or familiarize himself with the case. Roger also complains that counsel failed to object to a fundamentally defective jury charge that included only a general verdict form, which denied him the right to a unanimous verdict.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. at 2068. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674. In addition, claims of ineffective assistance are mixed questions of law and fact. *Id.* at 698, 104 S.Ct. at 2070. Because the state court rejected Rogers' complaints about his trial counsel, the federal court cannot grant habeas relief

unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

Rogers asserts that his trial counsel, Daniel Hernandez and Leigh Davis, had a professional duty to examine the charging instrument and familiarize themselves with the facts and the law governing the offense of aggravated assault. He also complains of trial counsel's failure to use any tangible evidence, such as DNA or photographs, to rebut the eyewitness testimony.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. But conclusory allegations in support of a claim of ineffective assistance of counsel do not raise a constitutional issue in a habeas corpus proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602-03 (5th Cir. 1985); *Ross v. Estelle*, 694 F.2d 1008 (5th Cir. 1983). The petitioner must specify what the investigation would have revealed, what evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir.1994); *Nelson v. Hargett,* 989 F.2d 847, 850 (5th Cir.1993).

Rogers asserts that counsel followed a poor trial strategy, was unfamiliar with the case, and failed to assemble any of the tangible evidence at his disposal, including trace DNA evidence, the metal rod, and photographs of the crime scene. Rogers asserts that this evidence would have shown the path that Bell took during the assault and would have proved that the Harrisons could not have witnessed the assault. Rogers also asserts that counsel's unfamiliarity with the law and the facts manifest itself during closing arguments when counsel did not adequately address the issue of Roger's use or exhibition of a deadly weapon.

5

Based on the affidavits of lead trial counsel Daniel Hernandez and co-counsel Leigh Davis, the state court found that defense counsel

- met with Rogers at least five times
- spoke with family members
- read all police reports, medical records, and investigator reports
- researched relevant law for voir dire and witness examination
- requested and obtained the services of an investigator and weapons expert, and reviewed the findings of the investigator and weapons expert with Rogers
- obtained a continuance when the prosecutor produced new exculpatory and impeachment evidence right before trial was set to begin, and
- conveyed a plea bargain offer of twenty years, which Rogers refused

(State Habeas R. 88-89). The state court found that defense counsel conducted a reasonable investigation to prepare for trial, and further found no prejudice because Rogers had not shown a reasonable probability of a different outcome but for counsel's alleged acts of misconduct. (State Habeas R. 93).

Rogers has not provided clear and convincing evidence to rebut the state court's findings with respect to the underlying facts. Rogers has not established that there was trace DNA evidence on the weapon or other surfaces or how this evidence or the photographs from the crime scene rebut Bell's testimony, the objective evidence of her injuries, or testimony from the neighbors who witnessed at least part of the assault. There were inconsistencies in the testimony from Bell and the eyewitnesses, but defense counsel recognized this weakness in the case and used this in his closing argument by emphasizing the conflicting and confusing details of the assault. (5 Rep. R. 210-14).

Rogers complains that counsel's closing argument did not adequately address the issue of Roger's use or exhibition of a deadly weapon; however, counsel's decision about the contents of his closing argument is a matter of trial strategy that the courts should be hesitant to judge in hindsight. *See Yarborough v. Gentry,* 540 U.S. 1, 5-6, 124 S.Ct. 1, 4 (2003) (recognizing that right to effective assistance extends to closing arguments, but noting that deference to counsel's tactical decisions at this stage is particularly important). Moreover, Rogers has not shown that there is a reasonable probably that he would have been found not guilty (or guilty of a lesser included offense) but for alleged deficiencies in counsel's closing argument. Under Texas law, a deadly weapon includes anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon 2003. Bell testified that Rogers choked and struck her with a metal rod, and other witnesses confirmed this version of the assault. *See Rogers,* No. 02-04-212, slip op. at 7. The police officer who responded to the emergency call and arrested Rogers also opined that, in his experience, the metal bar was an object capable of causing death or serious bodily injury. (5 Rep. R. 96). In the affidavit provided during the state habeas proceedings, defense counsel admitted that their own expert believed that the metal bar could have caused Bell's injuries, although the expert did not testify at trial for what counsel deemed "obvious reasons." (State Habeas R. 75). Rogers has not established that defense counsel was unprepared for trial or unfamiliar with either the facts or the law related to the offense of aggravated assault.

Rogers also complains of counsel's failure to request separate verdict forms because he was indicted for two distinct aggravated assault offenses, but the use of a general verdict form allowed the jury to find him guilty without reaching a unanimous verdict with respect to which of the two offenses he committed. The indictment alleged Rogers committed aggravated assault with a deadly

weapon and proposed as alternative theories that Rogers acted by striking Bell with a mental bar and by choking Bell with a metal bar.[1] (Clerk's R. 2). The charge instructed the jury in the disjunctive, with two sets of instructions mirroring the language used in the indictment, and included a general verdict form that asked the jury to determine if Rogers was guilty of aggravated assault. The form did not require the jury to specify the manner in which Rogers committed the offense, i.e., whether he acted by striking or choking Bell. (Clerk's R. 149-55).

During the state habeas proceedings, co-counsel Leigh Davis provided an affidavit in which he stated that he recalled no error in the proposed jury charge requiring objection. (State Habeas R. 75-76). Because the indictment charged Rogers with one offense, allegedly committed in two different ways, Davis did not believe it was necessary to have the jury answer separate questions so that the single question included in the jury charge appeared correct. (State Habeas R. 76).

The state court found that, under Texas law, the alternate manner and means of committing a single offense may be charged in the same indictment. (State Habeas R. 92). The state court also noted that, if the indictment alleges differing methods, the jury may properly be charged in the disjunctive and the jury is authorized to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. (State Habeas R. 92). The state trial court made the following findings and conclusions relevant to Rogers' complaint:

- the indictment alleged that the applicant intentionally or knowingly caused bodily injury to Brandy Bell by striking her or choking her with a metal bar or rod

---

[1] A person commits aggravated assault if the person commits assault as defined in section 22.01 and the person either causes serious bodily injury to another or uses or exhibits a deadly weapon during the assault. SEE TEX. PEN.CODE ANN. § 22.02(a). As relevant to Rogers' case, Section 22.01 provides that a person commits assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. *See id.* § 22.01(a)(1). Rogers was accused of causing bodily injury, but not serious bodily injury.

- the trial court submitted a general verdict form to the jury rather than separate verdict forms for each alleged manner and means

- trial counsel did not object to the use of the general verdict form or to the lack of separate verdict forms

- the trial court properly submitted the different manner and means in the disjunctive in the jury charge and provided for a general jury verdict

- trial counsel's decision not to challenge the trial court's proper use of the general verdict form does not constitute deficient conduct

(State Habeas R. 89). The state court reasoned that the concept of effective assistance of counsel does not require counsel to make meritless objections and that trial counsel's decision not to challenge the use of the general verdict form was not deficient conduct. (State Habeas R. 93).

Under the Texas Constitution, jury unanimity is required in felony cases. TEX. CONST. art. V, § 13; *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex.Crim.App. 2007). The Supreme Court has not imposed a jury unanimity requirement on the state courts; however, the Supreme Court has held that, when a state guarantees a structural protection, it violates the Due Process Clause of the federal Constitution if it fails meaningfully to vindicate that guarantee. *See Hoover v. Johnson*, 193 F.3d 366, 368-70 & n. 2 (5th Cir.1999)(citing Evitts v. Lucey, 469 U.S. 387, 400-01, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)). But a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element of the crime, even if the offense is charged in the conjunctive, and the same is true in Texas. *Schad v. Arizona*, 501 U.S. 624, 631-632, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Juror unanimity is required on the essential elements of the offense, but is generally not required on the alternate modes or means of commission. *Pizzo*, 235 S.W.3d at 714. Several ways or means of committing the same offense may be alleged

conjunctively, and proof of any one of these ways will suffice. *Kitchens*, 823 S.W.2d at 258. *See generally* TEX. CODE CRIM. PROC. ANN. art. 21.24 (Vernon 1989 & Supp. 2008)(outlining structure of indictment to include count for each offense with subordinate paragraphs within each count).

Bell cites no case law that supports his contention that he was indicted for two aggravated assault offenses, rather than different means of committing the same offense. The state court expressly found that the contrary was true under state law and that a general verdict form was proper. If the state courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, the federal courts are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law. *Schad*, 501 U.S. at 636-637, 111 S.Ct. at 2499 (plurality opinion); *Mullaney v. Wilbur*, 421 U.S. 684, 690-91, 95 S.Ct. 1881, 1885-86 (1975). Because an objection to the general verdict form or lack of separate verdict forms would have been meritless under federal or state law, Rogers cannot demonstrate that trial counsel was deficient in not making such an objection.

Rogers fails to provide clear and convincing evidence to rebut the presumption of correctness regarding the underlying state court findings, nor has he demonstrated that the state courts misapplied or unreasonably applied the law to the facts in rejecting his complaints of ineffective assistance of counsel at trial.

    2.    Ineffective Assistance of Appellate Counsel

Rogers asserts that his appellate counsel was ineffective because counsel did not include the fundamentally defective nature of the jury charge as a ground for relief on appeal. Persons convicted of a crime are entitled to the constitutionally effective assistance of counsel in their first appeal as a matter of right. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821 (1985).

Appellate counsel's performance on appeal is judged under the same test that governs a review of trial counsel's performance. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000). *See generally Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984).

The state court considered, but rejected, Rogers' complaints about the performance of his appellate counsel. (State Habeas R. 94-96). The state court observed that Rogers' appellate counsel pursued an appeal based on seven arguments that he found plausible under the record, and in doing so, directed the appellate court to the appropriate record citations and pertinent law. (Tr. 76, 94). The state court also found that counsel did not challenge the use of the general verdict form or the lack of separate verdict forms on appeal because he thought the trial court's use of the general verdict form was proper. (State Habeas R. 76, 94). Because there was no impropriety in the use of the general verdict form, the state court found that appellate counsel could not have acted deficiently in failing to raise this complaint on appeal.

The Supreme Court has found that an indigent defendant has no constitutional right to compel appointed counsel to press even non-frivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). As already discussed, Rogers' complaints about the use of the general verdict form and disjunctive charge are meritless under federal or state law. Any objection at trial would have been overruled, and an appeal on this point would have been similarly frivolous.

Rogers has not demonstrated that counsel's representation fell below constitutional standards for effective representation or that there is a reasonably probability of a different outcome on appeal

had counsel performed differently or raised the points that Rogers wanted to have presented. Rogers fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until May 6, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until May 6, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED APRIL 15, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE